# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICA ALEXANDER MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-16-1278-D |
| | ) | |
| TERRY ROYAL, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner is a state prisoner seeking federal habeas relief from a state death sentence. His petition raised several grounds for relief. He requested discovery and an evidentiary hearing on some of those grounds, including his first.

In that first ground for relief, Petitioner contends that the jury's sentencing determination was tainted by the presence of a Bible in the jury deliberation room. Through affidavits obtained from three jurors, Petitioner asserts that a Bible was provided to the jurors by a court official and utilized by one juror who was struggling with imposing a death sentence. This is a serious constitutional claim as it is axiomatic that a jury should make its decision free from external influence. *See Oliver v. Quarterman*, 541 F.3d at 329, 334 (5th Cir. 2008) (discussing Supreme Court precedent). The Court cannot proceed directly to the merits of the claim, however, because Petitioner did not raise this claim to the Oklahoma Court of Criminal Appeals ("OCCA") until his second post-conviction application. The Court must first decide whether the claim is procedurally barred. The Court cannot make this determination from the pleadings,

therefore an evidentiary hearing is warranted on the limited issue of whether Petitioner can show cause and prejudice to excuse his procedural default.

## **Procedural Background**

Petitioner raised this claim to the OCCA in his second post-conviction application, which was filed the same day that he filed his habeas petition. Regarding his discovery of the claim, Petitioner stated in the application as follows:

> The factual basis for this claim was not known until current habeas counsel was able to locate and interview the three jurors . . . who provided the information supporting this claim. As set out in the fact section, those jurors were not located until mid-August 2017. Therefore, pursuant to Rule 9.7 (G)(3), *Rules of the Oklahoma Court of Criminal Appeals* this claim is timely and can be considered in this subsequent application.

Successive Appl. for Post-Conviction Relief at 14 n.4, *Martinez v. State*, No. PCD-2017-951 (Okla. Crim. App. Sept. 15, 2017). In the fact section, Petitioner told the OCCA that there was "no reason to think anything improper occurred, and therefore, no reason for direct-appeal or post-conviction counsel to have investigated the issue," because according to the trial transcript, when the jury asked for a Bible, the trial court "appropriately denied that request." *Id.* at 14. Petitioner continued as follows:

> As an ordinary part of habeas counsel's typical habeas investigation, and with the intention of discussing other issues with the jury, habeas counsel's investigator was able to locate and interview the jurors discussed below. In the course of discussing those other issues with the jurors, the investigator learned about the presence of a Bible in the jury room during deliberations and the effect that Bible had on the decision of at least some of the jurors. It is now known that despite the court's denial of the jury's request, a Bible was indeed provided to the jury and was consulted and relied upon in arriving at the jury's death verdict.

*Id.* at 15. In his request for an evidentiary hearing, Petitioner asserted that the record before the OCCA was sufficient to decide the merits of the claim. However, Petitioner additionally stated that "[i]f the [OCCA] believes further evidence is necessary to resolve the claim, then [Petitioner] respectfully requests an evidentiary hearing to address these issues, as well as any procedural concerns the [OCCA] may have." Mot. for Evidentiary Hr'g at 1-2, *Martinez v. State*, No. PCD-2017-951 (Okla. Crim. App. Sept. 15, 2017).

The OCCA refused to review the merits of Petitioner's claim because he failed to satisfy the requirements for claims raised in a second post-conviction application. Pursuant to OKLA. STAT. tit. 22, § 1089(D)(8) (2011),

> if a subsequent application for post-conviction relief is filed after filing an original application, the Court of Criminal Appeals may not consider the merits of or grant relief based on the subsequent ... application unless:
>
> the application contains claims and issues that have not been and could not have been presented . . . in a previously considered application filed under this section, because the legal basis for the claim was unavailable, or
>
> a. (1) the application contains sufficient specific facts establishing that the current claims and issues have not and could not have been presented... in a previously considered application filed under this section, because the factual basis for the claim was unavailable as it was not ascertainable through the exercise of reasonable diligence on or before that date, and
>
> (2) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death.

Rule 9.7(G)(3), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2008), also states in pertinent part that "[n]o subsequent application for post-conviction

relief shall be considered by [the OCCA] unless it is filed within sixty (60) days from the date the previously unavailable . . . factual basis serving as the basis for a new issue is . . . discovered." Relying on these provisions, the OCCA found the claim procedurally barred because "Petitioner [failed to] establish[] that the factual basis of his claim about the Bible's presence or use by one or more jurors during penalty-phase deliberations could not have been ascertained through the exercise of reasonable diligence prior to filing Petitioner's original application in June, 2015, or even before filing his brief on direct appeal." *Martinez v. State,* No. PCD-2017-951, slip op. at 4-5 (Okla. Crim. App. Oct. 17, 2017).

Based on Petitioner's presentation of the claim to the OCCA and the OCCA's denial of relief based on procedural grounds, Respondent asserts that this Court should procedurally bar the claim. See *McCormick v. Parker*, 821 F.3d 1240, 1245 (10th Cir. 2016) ("[P]rocedural default is an affirmative defense."); *Fairchild v. Workman*, 579 F.3d 11134, 1143 (10th Cir. 2009) ("The state bears the initial burden of pleading the procedural bar as an affirmative defense.").[1] Petitioner makes two arguments against the application of a procedural bar to his Ground One. He asserts that (1) the bar is inadequate and (2) there is cause and prejudice to excuse his default. He has requested an evidentiary hearing on these two matters.[2]

---

[1] Contrary to Petitioner's assertion, the Court finds that Respondent adequately raised the defense in his response.

[2] Petitioner requests evidentiary hearings on other matters in his habeas petition, but the Court will not address those requests at this time.

## Standard for Evidentiary Hearing

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") precludes an evidentiary hearing were the petitioner "fails to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). It is unsettled whether this provision applies to evidentiary hearings on whether a petitioner can avoid a state procedural bar, but three circuits have found that it does not. *See Dickens v. Ryan*, 740 F.3d 1302, 1328 (9th Cir. 2014); *Henry v. Warden, Ga. Diagnostic Prison*, 750 F.3d 1226, 1231-32 (11th Cir. 2014); *Cristin v. Brennan*, 281 F.3d 404, 416-17 (3d Cir. 2002). The reasoning is persuasive. First, § 2254(e)(2), by its plain language, applies to "claims." An argument that a petitioner can avoid a state procedural bar is not a claim, but rather an attempt to avoid a judge-made rule. *See Woodford v. Ngo,* 548 U.S. 81, 91 (2006) ("[H]abeas law includes the judge-made doctrine of procedural default"); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (recognizing the "cause and prejudice" exception to procedural default). Second, allowing an evidentiary hearing on cause and prejudice does not undermine the interests of comity and the need for state courts to address errors in the first instance. Petitioners have no reason to develop facts in state proceedings that would allow them to avoid procedural default at the federal habeas level.

Since § 2254(e)(2) does not apply, the Court looks to the pre-AEDPA standard for obtaining an evidentiary hearing. *See Barkell v. Crouse*, 468 F.3d 684, 693 (10th Cir. 2006) (pre-AEDPA standard applies to evidentiary hearings when § 2254(e)(2) does not

apply). Under that standard, federal courts have plenary power over habeas matters, and the decision of whether to hold an evidentiary hearing is within the Court's discretion. *Townsend v. Sain*, 372 U.S. 293, 318 (1963) (overruled on other grounds).

## Analysis

The issue before the Court is whether Petitioner is entitled to an evidentiary hearing to determine whether the Oklahoma procedural bar is adequate and whether he has established cause and prejudice to avoid the procedural bar. The Court decides that an evidentiary hearing is not needed to determine that the procedural bar is adequate, but does conclude that an evidentiary hearing is warranted to determine whether Petitioner can establish cause and prejudice to avoid procedural default of his claim in Ground One.

1. **Adequacy**

A state court rule is adequate if it is firmly established and regularly followed. *Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016); *Beard v. Kindler*, 558 U.S. 53, 60 (2009). As the Tenth Circuit has repeatedly upheld the OCCA's application of a procedural bar to claims raised in a second or subsequent post-conviction application,[3] Petitioner does not present a routine challenge to the adequacy of the rule. Instead, he claims that like the

---

[3] See *Williams v. Trammell*, 782 F.3d 1184, 1212 (10th Cir. 2015)("We have previously held that the OCCA's ban on successive post-conviction applications is ... a firmly established and consistently followed rule."); *Banks v. Workman*, 692 F.3d 1133, 1145 (10th Cir. 2012) ("We have repeatedly held that Oklahoma's procedural default rule meets the adequacy requirement."); *Spears v. Mullin*, 343 F.3d 1215, 1254-55 (10th Cir. 2003) ("[W]e have previously upheld the adequacy of this particular Oklahoma procedural rule"); *Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000) ("[W]e have held that Oklahoma's procedural bar to claims not raised on initial post-conviction review is independent and adequate.").

petitioner in *Lee v. Kemna*, 534 U.S. 362 (2002), his case is exceptional and he asks the Court to find the rule inadequate as applied to his particular claim and circumstances.

In *Lee*, the petitioner made an oral request for a continuance in the midst of trial because his alibi witnesses, who had been present that very day at the courthouse, had inexplicably disappeared. The trial court denied the motion on substantive grounds. No procedural deficiencies were raised or addressed. On appeal, however, the state appellate court found that the trial court's denial was proper because Lee had failed to comply with a state court rule which required motions for continuance to be made in writing. The Supreme Court found that the state court's application of this procedural rule in this instance was inadequate to bar federal habeas review. *Id*. at 365-367.

Although the Supreme Court acknowledged the general rule that firmly established and regularly followed state court rules will "ordinarily" bar federal habeas review, it held that "[t]here are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Id.* at 376. The Court then found that Lee fell "within th[is] small category of cases" because (1) the trial court's ruling was not based upon Lee's failure to file a written motion and there was no indication that a written motion would have changed the trial court's ruling; (2) state law did not demand strict compliance with the rule "in the urgent situation Lee's case presented"; and (3) Lee "substantially complied" with the rule as only a "[f]ew transcript pages need be read to reveal the information called for by [the rule]." *Id*. at 381-87.

Petitioner contends that as in *Lee*, he also substantially complied with the OCCA's rule regarding claims raised in a second post-conviction application by (1) advising the OCCA that the factual basis of his claim was unknown until his habeas counsel's investigator was able to locate and interview the jurors and (2) requesting an evidentiary hearing if the OCCA needed any more information to address any procedural concerns it may have had. Because he was not afforded an evidentiary hearing, Petitioner additionally asserts that the OCCA denied him a meaningful review of his claim.[4]

Section 1089(D)(8)(b)(l)[5] required Petitioner to allege "sufficient specific facts" to show that "the factual basis for the claim was unavailable as it was not ascertainable through the exercise of reasonable diligence on or before that date." As Respondent has pointed out, Petitioner's application did not address the unavailability of the claim. It also did not address the matter of due diligence. Petitioner did not disclose any efforts that were made by him (or prior counsel) to discover any jury irregularities, but stated only that he had recently, and fortuitously, stumbled upon the information supporting his claim. This does not constitute substantial compliance. In order to show that his claim

---

[4] Petitioner cites to *Brecheen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994), for the proposition that an opportunity for a meaningful review is a part of the adequacy question. *Brecheen* concerned ineffective assistance of counsel claims and the "countervailing concerns unique" to those claims. *Brecheen*, 41 F.3d at 1363-64. Petitioner does not raise an ineffective assistance of counsel claim with respect to his Ground One. Regardless, Petitioner was not denied a meaningful opportunity to present his Ground One. As discussed herein, Petitioner was unable to obtain a merits review because his post-conviction application did not allege sufficient facts to allow the OCCA to reach the claim.

[5] OKLA. STAT. tit. 22, § 1089(D)(8)(b)(1) (2011).

was one that could be considered in a second post-conviction application, Petitioner was required to show *in his application* that the claim was one he could not have previously discovered with the exercise of due diligence. He failed to do so before the OCCA.[6]

Petitioner does not state why he did not or could not comply with the OCCA's pleading requirement. Instead he claims that by seeking an evidentiary hearing, he offered to address any procedural concerns the OCCA may have had and he faults the OCCA for not taking him up on his offer. The Court finds no merit to this argument. The OCCA's pleading requirement is not unclear, onerous, or unreasonable, and Petitioner has no excuse for failing to meet it. Petitioner cannot withhold information which would excuse his late presentation of the claim and then determine the manner in which he would like to present it. Unlike the circumstances in *Lee*, Petitioner did not substantially comply with the OCCA's requirement to plead sufficient facts to justify a merits review of his claim in a second post- conviction application.

Petitioner's case does not involve unique and/or unusual circumstances which align it with *Lee*. Petitioner therefore fails to show that the OCCA's application of § 1089(D)(8) (and Rule 9.7(G)(3)) is inadequate as applied to his case.

## 2. Cause and Prejudice

Petitioner can avoid the application of a procedural bar to his claim if he can show cause and prejudice. *See Coleman*, 501 U.S. at 750 ("In all cases in which a state

---

[6] This conclusion should not be confused with the issue of whether Petitioner can show that the facts that gave rise to Ground One were reasonably available to him before his second post-conviction application. This conclusion only applies to whether Petitioner met the pleading standard of the OCCA.

prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ."). The Supreme Court has explained cause as follows:

> the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (quotation marks and citations omitted). Whether cause and prejudice exists is a question of federal law. *Id.* at 489.

Petitioner asserts that given events at trial, no one had reason to believe that anything improper occurred in jury deliberations. In this regard, the trial transcript reflects that the jury sent out a note during second stage deliberations asking for a Bible. The trial court denied the request by telling the jury that it had all the law and evidence it needed to arrive at a verdict. Trial Tr. vol. XII at 30. But based on information recently provided by a juror, Petitioner contends that a court official, presumably the bailiff, provided the jury a Bible. [Doc. #16-2]. Petitioner's cause, therefore, is that he reasonably relied on the trial court's ruling that the jury would not be provided a Bible and that the violation of this order by a court official was an external impediment to his

discovery of the claim.

If the facts show that the bailiff did provide the jurors a Bible after the trial judge denied their request, Petitioner could very likely establish cause for avoiding the procedural default. First, it would seem that the factual basis for this claim was not reasonably available to counsel before the second post-conviction application. The record shows that the jury requested a Bible, and the court declined that request. There was no other indication of misconduct. If, in fact, the bailiff provided the jury a Bible, there is nothing in the record that would suggest counsel should have known of that fact. And while interviewing jurors may be a helpful endeavor, and in certain circumstances even vital, there is no blanket rule that counsel should interview jurors in the absence of evidence of impropriety. *See Sallie v. Humphrey*, No. 5:11-CV-75 (MTT), 2013 WL 4011009 at *8 (M.D. Ga. Aug. 6, 2013) (finding that *Williams v. Taylor*, 529 U.S. 420, 442 (2000), "stands for the proposition that there is not a general duty to investigate the background of every juror."). Whether counsel should have investigated in this situation is a highly fact-specific inquiry, weighing in favor of an evidentiary hearing.

Second, the evidence may also show that state officials impeded Petitioner's ability to bring this claim prior to his second application for post-conviction relief. The Eleventh Circuit has found that concealment by state officials can serve as such an impediment. In *Ward v. Hall*, that Circuit determined the petitioner established cause for the procedural default by establishing that during deliberations, the jury asked the bailiff about parole, a question that jurors were not to consider during deliberations. 592 F.3d

1144, 1177 (11th Cir. 2010). The Circuit found that since neither the bailiff nor the trial court informed the attorneys of the question or the response, the state had concealed the jury's question, providing cause for avoiding the default. *Id*. at 1176.

*Ward* is persuasive here. If the evidence shows that the bailiff provided the Bible without informing the parties, Petitioner may be able to establish the type of impediment found in *Ward*. These factual questions cannot be resolved on the record as it now exists. As these factual disputes prevent the Court from determining, as a matter of law, whether there is cause to avoid the procedural bar, an evidentiary hearing is warranted.[7]

An evidentiary hearing is also warranted to determine whether Petitioner can establish prejudice stemming from the alleged use of the Bible in jury deliberations. There is nothing in the record at this point to indicate that the use of the Bible actually changed a juror's mind, and Fed. R. Evid. 606(b) does not allow jurors to testify about their subjective considerations during deliberations. But there is certainly evidence that a Bible was introduced into the deliberations. How the Bible came to be in the room and how it was used are both factual issues relevant to whether petitioner suffered prejudice. Limited discovery and an evidentiary hearing are necessary to clarify the prejudice issue.

---

[7] The evidentiary hearing will likely include limited discovery. Petitioner has submitted a motion for discovery related to various claims. [Doc. #17]. Two requests relate directly to Ground One. They are an interrogatory related to identifying the individual who had contact with the jury and a request to depose that individual. The two requests are granted. The remainder of the motion for discovery remains for resolution at a later time.

## Conclusion

Because the Court can resolve the adequacy issue as a matter of law, an evidentiary hearing is not warranted on that issue. But Petitioner's request for an evidentiary hearing on the issue of whether he can establish cause and prejudice to avoid the procedural bar of Ground One of his petition, is **GRANTED**.[8] The Court will hold a scheduling conference with counsel for the parties to establish a schedule for discovery, briefing, and other matters.

**IT IS SO ORDERED** this 2nd of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[8] The parties should assume that, if Petitioner is able to overcome the procedural bar, the Court will consider the evidence from the evidentiary hearing in determining the merits of Petitioner's Ground One. The parties should therefore be prepared to present all relevant evidence regarding that claim.