# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MICA ALEXANDER MARTINEZ,    )
                               )
         Petitioner,      )
vs.                       )      NO.  CR-16-1278-D
                               )
MIKE CARPENTER, Interim Warden,  )
Oklahoma State Penitentiary,[1]     )
                               )
        Respondent.   )

## ORDER

The Court has ordered an evidentiary hearing on whether Petitioner can show cause and prejudice to overcome a state procedural bar of his first claim for habeas relief. Respondent has asked the Court to reconsider its order, or in the alternative, certify the order for interlocutory appeal. Having reviewed the parties' submissions, the Court denies both requests.

### Motion to Reconsider

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United State*s, 952 F.2d 1241, 1243 (10th Cir.1991); *see also Warren v. American Bankers Ins*., 507 F.3d 1239, 1243 (10th Cir. 2007). However, a district court has inherent power to revise interlocutory orders at any time before the entry of a final judgment. *See Warren*, 507 F.3d at 1243; *Riggs v. Scrivner, Inc*., 927 F.2d 1146, 1148

---

[1] Mike Carpenter is currently serving as interim warden of the Oklahoma State Penitentiary and is automatically substituted as Respondent in this case.  *See* Fed.R.Civ.P. 25(d).

(10th Cir. 1991). The appropriate circumstances for seeking reconsideration of issues previously decided in a case are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see also Van Skiver*, 952 F.2d at 1243; *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012).

Respondent's position appears to be that the Court misapprehended controlling law. Respondent advances six legal arguments related to the Court's order.[2]

## 1. Cause will not overcome the Oklahoma Court of Criminal Appeals' procedural bar.

Respondent argues that even if Petitioner can establish cause for not raising his jury claim, that evidence would still not satisfy the Oklahoma Court of Criminal Appeals' ("OCCA") pleading requirements.

The Court takes no position on whether the "cause" Petitioner has presented to overcome the procedural bar would be sufficient to meet the OCCA's pleading requirements for a successive post-conviction application. That inquiry has no bearing on whether a federal court will apply a state procedural bar. It is not the province of a federal

---

[2] Because two of the claims are closely related, the Court will address those together under section 2.

court to second-guess whether a state court properly barred a claim.  *See Runningeagle v. Ryan*, 686 F.3d 758, 768 (9th Cir. 2012) ([w]e would not be able to review the state court's conclusion that this claim was procedurally defaulted under [state] law"); *Jacquin v. Stenzil*, 886 F.2d 506, 508 (2d. Cir. 1989) (the merits of a particular state procedural bar are not the concern of a federal court presented with a habeas corpus petition).  Rather, federal courts must determine, applying federal law, whether a petitioner can establish cause and prejudice to obtain review of a defaulted claim.  *See Murray v. Carrier*, 477 U.S. 478, 489 (1986) (the question of cause for avoiding procedural default is a question of federal law); *see also Simpson v. Carpenter*, 912 F.3d 542, 571 (10th Cir. 2018).

Therefore, while Respondent claims Petitioner failed to comply with the OCCA's pleading requirements, the Court will not review the OCCA's decision on that point of state law.  Nor will the Court attempt to divine whether the OCCA's procedural default rested on a state pleading requirement or a substantive a finding that the claim was reasonably available.  What matters is that the OCCA procedurally defaulted the claim. This Court must therefore determine whether Petitioner can show cause and prejudice under federal law for this Court to review the claim in spite of that default.

2. **Petitioner's lack of diligence precludes the Court from hearing evidence on the merits of his claim.**

Respondent claims that if the Court holds an evidentiary hearing on cause and prejudice, it cannot consider any evidence from that hearing in deciding the underlying claim.  Respondent bases this argument on the requirement that a habeas petitioner be diligent in developing the factual bases for claims in state court.  The Court agrees that a

petitioner must show diligence in attempting to develop the factual bases for a claim in state court. Title 28 U.S.C. § 2254(e)(2) requires that a petitioner attempt to develop factual evidence in state proceedings, even for claims that a federal court later reviews *de novo*. *See Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011). But the Court finds Petitioner was diligent in developing the factual basis of his claim.

Section 2254(e)(2) states that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless he can fulfill the requirements of Section 2254(e)(2). The Supreme Court has construed the term "failed" to indicate a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 431-32 (2000). The Tenth Circuit has found that when a petitioner seeks an evidentiary hearing in state court and submits affidavits and a memorandum of law in favor of his request, he has been diligent under Section 2254(e)(2). *Parker v. Scott*, 394 F.3d 1302, 1324-25 (10th Cir. 2005); *compare Calvert v. Dinwiddie*, 461 F. App'x 729, 736 n.1 (10th Cir. 2012) (petitioner was not diligent when he never sought an evidentiary hearing in state court, did not submit documentary evidence, and never sought to supplement the record). In fact, the Tenth Circuit has held that simply seeking an evidentiary hearing in state court is sufficient to satisfy the diligence requirement. *See Milton v. Miller*, 744 F.3d 660, 673 (10th Cir. 2014).

Petitioner requested an evidentiary hearing in state court. He submitted the same affidavits to the OCCA that he submitted with his petition in this court. Under Tenth Circuit precedent, Petitioner was diligent in attempting to develop the facts in the state

proceedings.[3]  Therefore, if the Court finds that it may address the merits of Petitioner's jury claim, the evidence developed in the evidentiary hearing can be considered.

Respondent also claims that equity should prevent the Court from conducting an evidentiary hearing.  Respondent points to vital interests of comity, finality, and federalism, and claims that because Petitioner was not diligent in seeking to develop his claims under state procedural rules, he should not receive federal review.

The Court appreciates the gravity of the federalism principles and concerns that state petitioners will hold back in state court to obtain more favorable review in federal court. But this case neither violates those important principles nor invokes those concerns.  As noted above, Petitioner brought the exact same allegations and evidence to this Court as he did to the OCCA.  He provided sufficient evidence to merit an evidentiary hearing on his claims in federal court.  While the Court's decision may be somewhat at odds with the OCCA's conclusion under state law, such conflicts are not unexpected.  Indeed, the "cause and prejudice" exception exists to allow federal courts to address issues that state courts do not for procedural reasons.  That exception applies here.

---

[3] Respondent argues that the OCCA denied Petitioner's motion for an evidentiary hearing on pleading grounds.  The court declines to create an exception to the Tenth Circuit's diligence precedent based on whether the OCCA denied an evidentiary hearing on substantive or procedural grounds.  There may be a situation where a petitioner merely goes through the motions of seeking an evidentiary hearing with the obvious intent of actually developing the claims in federal court, but that situation does not exist here.

### 3. Petitioner's allegation of cause presents no factual dispute.

Respondent claims that even if the Court assumes the truth of Petitioner's allegations, those allegations do not establish "cause" to avoid the procedural default. First, Respondent claims that the information that a Bible had been provided to the jury was reasonably available to Petitioner prior to his second post-conviction application. Second, Respondent claims that the bailiff's actions did not prevent Petitioner from raising the claim and therefore do not constitute cause.

As an initial matter, the reasonableness of interviewing jurors after a trial and the interference of a state official were not independent, free-standing factors in the Court's decision. Rather, the Court considered whether the factors could, considered together, establish cause. *Murry v. Carrier* noted that a "showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impractical, would constitute cause . . . ." 477 U.S. 478, 488. Here, the question of whether the information about the Bible was reasonably available is intertwined with the allegation of official interference, and the Court considered both issues in reaching its decision.

The Court did not determine that it is *per se* reasonable for defense counsel not to interview jurors.[4] Instead, it determined that in this situation, it appears that any red flags

---

[4] Respondent takes issue with the Court's discussion of reasonableness and its citation of *Sallie v. Humphrey*, 11-CV-75 (MTT), 2013 WL 4011009 (M.D. Ga. Aug. 6, 2013). While *Sallie* involved a different factual scenario, it nevertheless stands for the proposition that a reasonable investigation does not necessarily require interviewing witnesses. In fact, in the ineffective-assistance-of-counsel context, courts have found that counsel is not unreasonable in not interviewing jurors. *See Sneed v. McNeil*, No. 10-24624-Civ-COOKE, 2011 WL 13175110 at *7 (Aug. 31, 2011); *Ennis v.*

that might have alerted reasonable counsel to investigate through juror interviews may have been concealed by interference from state officials. By ensuring that the record reflected the trial court's denial of the Bible, but still providing one, an official may have impeded counsel's subsequent investigation. And just because the information was available in a technical sense, the alleged official interference concealed any record or indication of wrongdoing, meaning that an otherwise diligent attorney may not have investigated.[5] The combination of the potential interference and the fact that a reasonably diligent investigation still would not have uncovered the alleged misconduct creates a potential for Petitioner to be able to establish cause for the default.

### 4. The Court cannot consider the juror affidavits.

Respondent next argues that the Court cannot consider juror affidavits for any reason. Respondent bases this argument on Fed. R. Evid. 606's general prohibition on jurors providing testimony or other evidence about incidents occurring during deliberations. And while Rule 606 does allow jurors to testify about external influences, Respondent claims that the Bible does not qualify as an external influence.

---

*United States*, Nos. EP-06-CA-0378-DB, EP-02-CR-1430-PRM, 2007 WL 3391495 at 9 (W.D. Tex. Nov. 7, 2007).

[5] Respondent seems to espouse a standard where the very possibility that the factual basis could have been discovered, even in the face of official misconduct, would preclude finding cause for avoiding the default. Such an approach would essentially swallow the cause and prejudice standard, as it would seem no off-record claims—except claims for ineffective assistance of counsel—could ever survive.

The Court readily acknowledges a difference of opinion between the circuits on this issue, at least where courts must determine if the use of a Bible during jury deliberations warrants habeas relief. However, the Court finds that in this situation, where it is unclear how the Bible was introduced into the jury room and how it was used during deliberations, juror testimony is permissible under Rule 606.

In *Oliver v. Quarterman*, 541 F.3d 329, 339 (5th Cir. 2008), the Fifth Circuit applied the Supreme Court's general prohibition on external influences to a situation where jurors consulted Bible verses that closely tracked the facts of the case. In *Oliver*, the defendant had killed the victim by shooting him, but had also struck the victim with the butt of his rifle, an action that a medical expert stated could have been fatal in itself. *Id*. at 331. Jurors gave testimony at an evidentiary hearing that several Bibles were present in the room, and that several jurors read from them. *Id*. at 331-32. One passage jurors read stated that "if a man strikes someone with an iron object so that he dies, then he is a murderer and should be put to death." *Id*. at 332.

The Fifth Circuit discussed relevant cases from various circuits, including the Fourth Circuit. And while the Fifth Circuit noted the Fourth Circuit found that a Bible was not an external influence in several cases, the Fifth Circuit distinguished those Fourth Circuit cases, because those cases dealt with juries discussing general Biblical principles, not specific passages applied to the specific facts that the jury was considering. *Id*. at 338-39. The Fifth Circuit concluded that where a juror "brings a Bible into the deliberations and points out to her fellow jurors specific passages that describe the very facts at issue in the case, the juror has crossed an important line." *Id*. 339. This context-specific inquiry

8

is not inconsistent with the Fourth Circuit's own precedent, as it acknowledges that "formalistic analyses conflict with [the Supreme Court's] admonition that whether an influence is external or internal is not determined by rigid concepts, but by analyzing the "nature" of the influence." *Robinson v. Polk*, 438 F.3d 350, 364 (4th Cir. 2006). The Court must understand how the Bible was introduced and in which way it was used to be able to determine the nature of the influence.

Further, none of the cases Respondent cites, nor any of the Fourth Circuit cases, deal with a situation where a party is seeking to bar testimony as to what occurred in jury deliberations. In *Robinson*, the Fourth Circuit assumed the truth of the jurors' affidavits. The Ninth Circuit appeared to do the same in *Fields v. Brown*, 503 F.3d 755, 778-79 (9th Cir. 2007) (noting that the district court did not strike evidence of religious materials under Fed. R. Evid. 606(b), and considering the evidence for purposes of deciding the merits of the claim). In other Fourth Circuit cases, the court has relied on facts as they were determined by state courts without determining whether the evidence was admissible under Fed. R. Evid. 606. *See Hurst v. Joyner*, 757 F.3d 389, 398 (4th Cir. 2014); *Barnes v. Joyner*, 751 F.3d 229, 251, 253 (4th Cir. 2014); *Lenz v. Washington*, 444 F.3d 295, 310-11 (4th Cir. 2014). None of these cases address the propriety of actually considering the evidence. The Fourth Circuit has, however, remanded claims of Bible-related improper external influence for evidentiary hearings to determine the nature of the influences. *See Hurst*, 757 F.3d at 398; *Barnes*, 751 F.3d at 251, 253. In light of the apparent agreement among the circuit courts that the Court must have some sense of the nature of the alleged external influence before deciding as a matter of law whether it actually was an external

9

influence, the Court will consider the juror affidavits and testimony to the extent that it is relevant to whether or not the jury used the Bible in such a way that would potentially merit habeas relief.

**5. The Court should limit the hearing to the claim of cause.**

Respondent finally argues that the Court should initially hold a limited hearing only to determine whether Petitioner's attorneys can show that they were unable to raise the claims prior to the second application for post-conviction relief. But the potential cause comes from a combination of Petitioner's attorneys having no reason to interview jurors and the potential interference by state officials in providing the jury a Bible in spite of the trial court's instructions. Petitioner will have to establish facts showing that the grounds for the jury misconduct claim were reasonably unavailable. The Court doubts that Petitioner can do so solely through attorney testimony. Also, while the Court is sympathetic to the challenges of calling jurors and the concern that jurors not be unnecessarily disturbed after performing their service, the Court must also weigh the concerns of efficiency and judicial resources that two evidentiary hearings would implicate. Considering the relatively narrow scope of the Court's inquiry, a single hearing is preferable.

Having considered Respondent's arguments for reconsideration, the Court finds that Respondent has failed to make the necessary showing for the Court to vacate or limit its earlier decision. The motion will be denied.

10

## **Motion for Interlocutory Appeal**

Alternatively to his motion for reconsideration, Respondent asks that this Court certify certain legal issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) gives district courts discretionary authority to authorize an appeal of an interlocutory order where such appeal is not otherwise provided by statute. *Swint v. Chambers Cnty. Comm'n.*, 514 U.S. 35, 47 (1995). When analyzing whether certification is appropriate under § 1292(b) the Court must find that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation [.]" 28 U.S.C. § 1292(b).

Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Utah ex rel. Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.1994) (citation omitted). A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." *Id. See also Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996) (Section 1292 is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals.").

Respondent fails to establish the propriety of an interlocutory appeal. First, the legal questions Respondent raises are either irrelevant to the final decision or not purely legal

questions. For instance, the legal question of whether the diligence requirement under 28 U.S.C. § 2254(e)(2) applies to evidentiary hearings on cause will not affect the Court's decision, as it found that petitioner was diligent under Tenth Circuit precedent. *See supra* 3-4. As for the legal question of whether the presence of a Bible in the jury room could warrant relief, relevant precedent indicates that it could, depending on the circumstances. *See supra* 7-9. Finally, the Court sees little ground for disagreement as to whether the Court can consider juror affidavits and testimony as to external influences, especially in deciding whether external influences existed.

Second, an interlocutory appeal will not materially advance the litigation. Doubtless an evidentiary hearing requires time and resources, but the narrow scope of the inquiry will limit those concerns. And although Respondent assumes that this matter will involve multiple appeals, that is not the case. The Court intends to dispose of all claims in one final order from which the parties can appeal.

There is no substantial ground for difference of opinion as to the legal questions Respondent raises and an interlocutory appeal will not materially advance the ultimate termination of the litigation. The motion to certify an interlocutory appeal is denied.

## Conclusion

Respondent's motion for reconsideration [Doc. #40] and motion to certify interlocutory appeal [Doc. #41] are **DENIED**. Respondent's motion to stay [Doc. #39] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 26th day of March, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE